UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

TRENT NELSON,

                Plaintiff,

                                                                       Case No. 21-cv-0654-bhl

    v.

URSA LOGISTICS INC,

                Defendant.

_____

# ORDER
_____

        On May 25, 2021, plaintiff Trent Nelson, proceeding without counsel, filed a complaint and a motion for leave to proceed without prepayment of the filing fee. (ECF Nos. 1, 2.) The Court has authority to allow a litigant to proceed without prepaying the filing fee if the Court determines that the litigant is unable to pay the costs of commencing the action and the action is not frivolous, fails to state a claim, or is brought against an immune defendant. *Cf.* 28 U.S.C. §1915(a)(1), (e)(2).

        As for his indigency, Nelson's motion indicates that he is employed and unmarried. (ECF No. 2 at 1.) He further states that he receives approximately $2,800 in monthly income and has total monthly expenses of approximately $1,926. (*Id.* at 2-3.) Nelson also claims he owns a vehicle worth $500 and has $60 in a checking account. (*Id.* at 3.) Upon review of his request, it appears that Nelson is sufficiently indigent for a fee waiver.

        The Court must also review the complaint for sufficiency. Under Fed. R. Civ. P. 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Nelson alleges that his employer, Ursa Logistics Inc., unlawfully terminated him while he was on or seeking leave authorized by the Family and Medical Leave Act (FMLA). (ECF No. 1 at 2.) Nelson appears to bring claims for either interference with, or retaliation for, using his rights under the FMLA. (ECF No. 1.) Because he pleaded enough facts to "give the defendant fair notice of what the … claim is and the grounds upon which it rests," Nelson's

complaint is neither frivolous nor malicious and states two arguable claims. Therefore, Nelson will be authorized to proceed with his case *in forma pauperis*. Accordingly,

**IT IS HEREBY ORDERED** that Nelson's motion for leave to proceed without prepayment of the filing fee, ECF No. 2, is **GRANTED**.

**IT IS FURTHER ORDERED** that, pursuant to Fed. R. Civ. P. 4(c)(3), the U.S. Marshals Service shall serve a copy of the complaint, waiver of service form and/or the summons, and this order upon defendants. Nelson is advised that Congress requires the U.S. Marshal's Service to charge for making or attempting such service. 28 U.S.C. §1921(b). The current fee for waiver of service packages is $8 per item. 28 C.F.R. §0.114(a)(2). Congress has not made any provision for waiver of these service fees.

Nelson is now required, under Fed. R. Civ. P. 5(a), to send a copy of every paper or document filed with the Court to the opposing party or its attorneys. Nelson should also retain a personal copy of each document. The Court may disregard any papers or documents which do not indicate that a copy has been sent to defendant or its attorneys. Nelson is further advised that his failure to make a timely submission, including notifying the Court of any changes in address, may result in the dismissal of this case for failure to prosecute under Civil L. R. 41.

**IT IS FURTHER ORDERED** that the defendant shall file a responsive pleading to the complaint within the time allowed under the Federal Rules of Civil Procedure.

Dated at Milwaukee, Wisconsin on July 21, 2021.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge